# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                         )
      v.               )     ID: 2006010317
                         )
DASHAN FREEMAN,      )
                         )
      Defendant.      )

Date Submitted: April 9, 2023
Date Decided: April 10, 2023

## <u>MEMORANDUM OPINION</u>

*Upon Defendant's Motion to Dismiss for Prosecutorial Misconduct*

**DENIED**

John Downs, Esquire, Deputy Attorney General and Cynthia Hurlock, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware. *Attorneys for the State of Delaware*.

Ross A. Flockerzie, Esquire and Alexandria M. Shaffer, Esquire, Office of Defense Services, Wilmington, Delaware. *Attorneys for Defendant*.

**Adams, J.**

## **INTRODUCTION**

Trial in this first-degree murder action is set to begin tomorrow, April 11, 2023. On Friday, April 7, 2023, the State produced Department of Correction records from January 2022 ("January 2022 DOC Records") to the defense. Later that evening, Defendant filed a Motion to Dismiss for Prosecutorial Misconduct based on this late-produced discovery and other alleged discovery violations by the State. Most of the allegations in the Motion to Dismiss have been mooted by the Court's April 9, 2023 Memorandum Opinion.[1] Therefore, this opinion focuses solely on whether the disclosure of the January 2022 DOC Records four days prior to the start of trial amounts to prosecutorial misconduct or a discovery violation. The Court concludes that it does not.

---

[1] *See State of Delaware v. Dashan Freeman*, ID 2006010317, Memorandum Opinion (April 9, 2023) (revised April 10, 2023) ("April 10 Memorandum Opinion"). In the April 10 Memorandum Opinion, the Court granted Defendant's Motion to Suppress and/or Exclude Evidence from Defendant's Cell Phone; denied Defendant's Motion to Suppress and/or Exclude Defendant's Department of Correction Communications; granted, in part Defendant's Motion to Exclude all Evidence Obtained from Deona Bethea's Cell Phone; and denied Defendant's Motion to Exclude Certain § 3507 Statements as Hearsay.

## FACTUAL BACKGROUND

In March 2023, the State summoned Deona Bethea, one of the victims in this case, to the Department of Justice to discuss the upcoming trial.[2] At a meeting on March 13, 2023, Bethea stated she "was not going to testify, that she was not going to come to court, and that she wanted nothing to do with the case."[3] As a result, the State issued a series of subpoenas to DOC to investigate potential witness tampering by the Defendant.[4]

On March 23, 2023, the State received DOC phone calls placed to Bethea's phone pursuant to a subpoena issued on March 17, 2023.[5] According to the State, these calls were placed by Defendant using PIN numbers of other inmates so that the calls would not be recorded as being made by him.[6] The State, therefore, had

---

[2] The Court refers the parties to the Court's April 10 Memorandum Opinion for a more complete recitation of the factual background. This decision only includes those facts relevant to the Motion to Dismiss.

[3] State's Response to Defendant's Motion to Dismiss for Prosecutorial Misconduct (April 9, 2023) at 2.

[4] *Id.* at 2-3. *See also* April 10 Memorandum Opinion at 24-25.

[5] For a full description of the subpoenas issued in March 2023, *see* April 10 Memorandum Opinion at 22-23.

[6] State's Response at 3.

its investigator, Guillermo Santiago, investigate the identity of the parties and evaluate the content prior to their disclosure to the defense.[7]

On April 3, 2023, Inv. Santiago prepared a report, documenting two phone calls he found that were relevant to the investigation.[8] These two calls, made on January 4, 2022 and January 18, 2022, were made by Defendant using another inmate's PIN number.[9]

That same day, April 3, 2023, the State and defense had a meeting about this case. In that meeting, the State advised defense counsel of these two recently discovered calls and told counsel the State would be using these calls at trial.[10] The State memorialized this conversation in an email dated April 3, 2023, specifically mentioning the January 4, 2022 and January 18, 2022 phone calls.[11]

On April 6, 2023, a jury was selected in this case. On April 7, 2023, the State provided the January 2022 DOC records to the defense.

Later that day on April 7, 2023, Defendant filed his Motion to Dismiss for Prosecutorial Misconduct. According to Defendant, the State's conduct with

---

[7]     *Id.*

[8]     *Id.* Ex. C.

[9]     *Id.*

[10]    *Id.*

[11]    *Id.* Ex. D.

respect to discovery in this case, especially the disclosure of the January 2022 DOC records on April 7, 2023, amounts to prosecutorial misconduct and warrants dismissal of this action. In the alternative, Defendant argues that the State committed a discovery violation, and the January 2022 records should be excluded from evidence.

## ANALYSIS

Defendant styles his motion as one for prosecutorial misconduct. Defendant's motion, however, is more appropriately analyzed as a motion for a discovery violation based on the disclosure of the January 2022 DOC Records four days prior to trial.[12]

Superior Court Criminal Rule 16(a)(1)(C) requires the State to permit the defendant to examine "books, papers, documents, photographs, tangible objects, buildings or places," provided that they "are within the possession, custody or

---

[12] The Court, in reviewing the case law regarding alleged prosecutorial misconduct, was unable to locate a case where a defendant made a motion for prosecutorial misconduct *prior* to trial. *See*, *e.g.*, *State v. Schaefer-Patton*, 2023 2062521, at *2 (Del. Super. Feb. 17, 2023) ("In reviewing a claim of prosecutorial misconduct, the Court's standard of review depends on whether a timely objection *was raised at trial*.") (emphasis added). This is not surprising, especially in the context of pre-trial discovery. In that context, for an alleged discovery violation, a defendant typically moves to exclude evidence based on the alleged violation, as was done here. This is not to say that a motion for prosecutorial misconduct can never be brought pre-trial, but the Court finds that the State has not committed prosecutorial misconduct based on the facts of this case. This is especially so in this case, considering that the Court determines that no discovery violation has occurred.

4

control of the [S]tate" and are either (1) "material to the preparation of the defense," (2) "intended for use by the [S]tate as evidence in chief at the trial," or (3) "were obtained from or belong to the defendant."[13]   Under this rule, the State has an obligation to look for discoverable evidence and a continuing responsibility to disclose the existence of such evidence.[14]  Rule 16(d)(3)(B) requires the State to respond to a discovery request served upon it within twenty days after service of the request unless some other time is ordered by the Court.[15]

In evaluating discovery violations, the Court is required to engage in a two-step inquiry.  First, the Court must determine if a violation of Superior Court Criminal Rule 16 occurred.[16]  If no violation occurred, the Court will end its inquiry.[17]  If, however, the Court concludes a discovery violation has occurred, the Court will apply the following three-factor test considering: "(1) the centrality of the error to the case; (2) the closeness of the case; and (3) the steps taken to mitigate the results of the error."[18]

---

[13]   Del. Super. Ct. Crim. R. 16(a)(1)(C).

[14]   *Patterson v. State*, 276 A.3d 1055, at *4 (Del. 2022) (TABLE).

[15]   Del. Super. Ct. Crim. R. 16(d)(3)(B).

[16]   *Wharton v. State*, 246 A.3d 110, 116 (Del. 2021) (citation omitted).

[17]   *Wright v. State*, 25 A.3d 747, 753 (Del. 2011).

[18]   *Oliver v. State*, 60 A.3d 1093, 1096-97 (Del. 2013).

5

The Court finds that the April 7, 2023 disclosure of the January 2022 DOC Records does not constitute a discovery violation. This case involved a fluid situation, where one of the victims, Bethea, indicated that she would not cooperate with the State and would not participate at trial. As part of the State's investigation as to Bethea's position, along with its investigation regarding potential witness tampering, the State issued the March 2023 Subpoenas. Because it appeared that Defendant was using a different inmate's PIN to communicate with Bethea, identifying communications between Defendant and Bethea presented an investigatory challenge to the State. The State disclosed the at-issue communications on April 3, 2023 to Defendant – the same day Inv. Santiago issued his report. The State also disclosed its intent to submit all or part of the thirty-three pages of text messages on this date.

The DOC communications disclosed consist of two phone calls, approximately two minutes in length, and thirty-three pages of text messages.[19] Considering the short duration of the calls and limited volume of text exchanges, the court does not find that their potential use at trial will prejudice Defendant's substantial rights. Therefore, the Court finds that no discovery violation occurred, and the State is permitted to use the April 7, 2023 discovery at trial.

---

[19] *Id.*

## CONCLUSION

For the foregoing reasons, Defendant's Motion Dismiss for Prosecutorial Misconduct is DENIED.  Trial in this action shall begin tomorrow, April 11, 2023 at 9:30 a.m.

**IT IS SO ORDERED.**

*/s/  Meghan A. Adams*
**Meghan A. Adams, Judge**